THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELLIANN M. ROSELAN, Individually and on Behalf of All Other Persons Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> KMART CORPORATION, KMART CORPORATION OF ILLINOIS, INC., KMART HOLDING CORPORATION, and SEARS HOLDINGS CORPORATION, <br><br> Defendants. | **JURY TRIAL DEMANDED** <br><br> Civil Action No.: |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**INTRODUCTION**

Plaintiff, Kelliann M. Roselan ("Plaintiff"), individually and on behalf of all others similarly situated, files this Class and Collective Action Complaint (the "Complaint") against Defendant Kmart Corporation, Kmart Corporation of Illinois, Inc., Kmart Holding Corporation, and Sears Holdings Corporation (together as "Defendants" or "Kmart"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and the New York Labor Law ("NYLL") Article 19 § 650, *et seq*. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

**NATURE OF THE ACTION**

1. Plaintiff alleges on behalf of herself and on behalf of all other current and former assistant managers and similarly situated current and former employees holding comparable positions but different titles ("Assistants"), employed by Defendants in the United States, who

elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

2.  Plaintiff Roselan also brings this action under the NYLL pursuant to FED. R. CIV. P. 23 on behalf of all Assistants and other individuals paid by the same compensation method holding comparable positions but different titles employed by Kmart at its stores within the State of New York (the "New York Class"). Kmart violated the NYLL by failing to pay Assistants overtime on a timely basis, and failing to pay Assistants the legally required amount of overtime compensation required by law for all hours worked over 40 in a workweek. Plaintiff Roselan and the New York Class are entitled to unpaid wages from Kmart for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the NYLL.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.  This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA") and 28 U.S.C. § 1367. The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

5.  Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of Defendants.

6.  The class claims involve matters of national or interstate interest.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

8. Upon information and belief, Defendants regularly conduct business in this district.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

*Plaintiff*

10. Plaintiff Kelliann M. Roselan is an individual residing in Ballston Spa, New York.

11. During all relevant times, Plaintiff was employed by Kmart, including, specifically, from August 2011 to January 2014, as an assistant manager at Defendants' stores located in Latham and Schenectady, New York.

12. Plaintiff worked in excess of 40 hours per workweek, without receiving wages from Defendants for all hours worked, as well as overtime compensation as required by federal and state laws.

*Defendants*

13. Defendant Kmart Corporation is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

14. Defendant Kmart Corporation of Illinois, Inc. is a corporation, organized and existing under the laws of Illinois, with its corporate headquarters at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

15. Defendant Kmart Holding Corporation is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

16. Defendant Sears Holdings Corporation is the parent company of Kmart Holding Corporation and is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

17. According to its most recent 10K SEC filing, Defendants operate a chain of 941 Kmart stores, with sales of over $10 billion in fiscal year 2015.

18. At all times relevant herein, Defendants have been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

19. At all times relevant herein, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

20. At all times relevant herein, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Defendants have had and has a gross volume of sales made or business done of at least $500,000.

21. At all times relevant herein, Plaintiff and all similarly situated Assistants were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

22. Defendants issued paychecks to the Plaintiff and all similarly situated employees during their employment.

23. Defendants directed the work of Plaintiff and similarly situated employees, and benefited from work that Defendants suffered or permitted that they performed.

24. Plaintiff and similarly situated employees worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA and NYLL.

25. Pursuant to Defendants' policy, pattern and/or practice, Defendants did not pay Plaintiff and other similarly situated employees overtime wages for hours they worked for Defendants' benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

26. Defendants employed Plaintiff, the Collective Action Members, and members of the New York Class as Assistants.

27. Defendants maintain control, oversight, and discretion over the operation of its retail stores, including its employment practices with respect to Plaintiff, Collective Action Members, and the New York Class.

28. Plaintiff's, Collective Action Members', and the members of the New York Class's work, as Assistants, was performed in the normal course of Kmart's business and was integrated into it.

29. Consistent with Kmart's policy, pattern and/or practice, Plaintiff, Collective Action Members, and the New York Class regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA, NYLL.

30. Defendants scheduled Plaintiff Roselan to work approximately 48 hours per week, but Roselan actually worked 60 to 65 hours per week during each week in which she worked five or more shifts, and was not paid for the hours worked in excess of 40.

31. The number of shifts Plaintiff worked per week can be ascertained from Defendants' records.

32. Kmart assigned all of the work that Plaintiff, the Collective Action Members, and members of the New York Class performed, and Kmart is aware of all the work that they have performed.

33. This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

34. Throughout the Collective Action and New York Class Period, Plaintiff, the Collective Action Members, and the members of the New York Class performed the same primary job duties: working the cash registers, stocking shelves, cleaning the store, assisting customers, building displays, unpacking merchandise, and unloading trucks.

35. Throughout the Collective Action and New York Class Period, the primary job duties of Plaintiff and all members of the Collective Action and New York Class did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

36. The primary job duties of Plaintiff and all members of the Collective Action and the New York Class did not materially differ from the duties of non-exempt hourly paid employees. Their primary duties were manual in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's working hours.

37. Pursuant to a centralized, company-wide policy, pattern and/or practice, Kmart classified all Assistants and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the FLSA and the NYLL.

38. Upon information and belief, Kmart did not perform a person-by-person analysis of the job duties of Assistants when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA and NYLL.

39. Defendants established labor budgets to cover labor costs for the stores in which Plaintiff and similarly situated Assistants worked. The wages of Defendants' store-level employees were deducted from the labor budgets. However, Defendants did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each store. Defendants knew or recklessly disregarded the fact that the underfunding of store labor budgets resulted in Plaintiff and other similarly situated Assistants (who were not paid overtime) working more than 40 hours in a workweek without receiving any additional overtime compensation, which allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

40. Defendants knew, by virtue of the fact that its Store Managers and District Managers (as its authorized agents) actually saw the Plaintiff and other similarly situated Assistants perform primarily manual labor and non-exempt duties, that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work. Defendants knew that Plaintiff and other similarly situated Assistants were not performing activities that would suffice to make their actual job duties comply with any FLSA or NYLL exemption and, inasmuch as Defendants are substantial corporate entities aware of their obligations under the FLSA and NYLL, it, accordingly, acted willfully or recklessly in failing to classify Plaintiff and other similarly situated Assistants as non-exempt employees.

41. Defendants are or should have been aware, through Store Managers and District Managers (as its authorized agents), that Assistants were primarily performing non-exempt duties.

As a retailer operating over 941 Kmart stores throughout the country, Defendants knew or recklessly disregarded the fact that the FLSA and NYLL required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

42. Defendants' unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

43. As part of its regular business practice, Kmart has intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the FLSA and the state wage and hour laws with respect to Plaintiff and the members of the Collective Action and New York Class. This policy, pattern and/or practice includes, but it is not limited to the foregoing knowledge of its obligations and the kind of work that Plaintiff and the members of the Collective Action and New York Class were and have been performing, and that, as a result, Defendants have been:

    a. willfully misclassifying Plaintiff and members of the Collective Action and New York Class as exempt from the overtime requirements of the FLSA and NYLL;

    b. willfully failing to pay Plaintiff and the members of the Collective Action and New York Class overtime wages for hours they worked in excess of 40 hours per week; and

      c.      willfully failing to provide enough money in its store-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its exempt Assistants to perform such non-exempt tasks.

44. Defendants' willful violations of the FLSA and NYLL are further demonstrated by the fact that during the course of the Collective Action and Class Action Periods and continuing to the present, Defendants failed to maintain accurate and sufficient time records for Plaintiff and the members of the Collective Action and New York Class. Defendants acted recklessly or in willful disregard of the FLSA and NYLL by instituting a policy and/or practice that did not allow Plaintiff to record all hours worked.

45. During the course of the Collective Action and Class Action Periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime wage requirements, as provided under the FLSA and NYLL. This failure to post or keep posted a notice explaining the minimum wage and overtime wages was willful or in reckless disregard of the Plaintiff's and other similarly situated Assistants' rights under the FLSA and NYLL.

46. Due to the foregoing, Kmart's failure to pay overtime wages for work performed by the Collective Action and New York Class Members in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

47. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute her FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Kmart as Assistants and individuals holding comparable salaried positions with different titles employed by Defendants within the United States at any time from three years from date of filing this Complaint, to the entry of judgment in this case (the "Collective Action Period").

48. Kmart is liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiff and other similarly situated employees.

49. There are many similarly situated current and former Assistants who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

50. The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## NEW YORK CLASS ALLEGATIONS

51. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

52. Plaintiff brings this action as a class action pursuant to the NYLL and Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> All persons who, at any time within the six (6) years prior to the filing of the Complaint through the date of final disposition of this matter ("Class Period"), are or have been employed by Defendants in the position of Assistant in a Kmart store located in the State of New York and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as well as overtime wages (the "New York Class").

53. The persons in the New York Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number would be based is presently within the sole control of Defendants, upon information and belief, there are at least 100 members of the Class during the Class Period.

54. The claims of Plaintiff are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

55. There are questions of law and fact common to the Class, which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether Defendants have a policy of misclassifying Assistant Store Managers as "exempt" employees and denied them overtime compensation;

   b. whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class;

   c. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

   d. whether Defendants have failed and/or refused to pay Plaintiff and the Rule 23 Class overtime pay for hours worked in excess of forty (40) hours per work week within the meaning the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

   e. the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

   f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g. whether Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

56. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

57. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

### FIRST CAUSE OF ACTION:
### (FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)
### (Brought on Behalf of Plaintiff and All Collective Action Members)

58. Plaintiff, on behalf of herself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 57 as if they were set forth again herein.

59. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

60. At all relevant times, Defendants employed Plaintiff, and employed or continues to employ, each of the Collective Action Members within the meaning of the FLSA.

61. Kmart has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

62. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). See Plaintiff's consent form, attached as Exhibit A.

63. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Kmart.

64. At all relevant times and continuing to the present time, Defendants had a policy and practice of refusing to pay overtime compensation to its Assistants and similarly situated

employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

65. As a result of Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

66. As a result of Defendants' willful failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

67. As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for its stores, Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

68. Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and Collective Action Members, Defendants' actual knowledge, through its Store Managers and District Managers, that the primary duties of Plaintiff and the Collective Action Members were manual labor and other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, Defendants instituting a policy and practice that did not allow

Plaintiff and Collective Action Members to record all hours worked, and Defendants' failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

69. As a result of Defendants' FLSA violations, Plaintiff, on behalf of herself and the Collective Action Members, are entitled (a) to recover from Defendants their unpaid wages for all of the hours worked by them, as overtime compensation, (b) to recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

70. Because Kmart's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION:
### (NEW YORK LABOR LAW: UNPAID OVERTIME WAGES)
### (Brought on Behalf of Plaintiff Roselan and All New York Class Members)

71. Plaintiff and Class Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

72. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and Class Members.

73. Defendants have failed to pay Plaintiff and Class Members the overtime wages to which they are entitled under the NYLL and supporting New York State Department of Labor Regulations.

74. Through their knowing or intentional failure to pay Plaintiff and the members of the New York Class overtime wages for hours worked in excess of forty (40) hours per week,

Defendants have willfully violated the NYLL Article 19, § 650 *et seq*., and supporting New York State Department of Labor Regulations.

75. As a result of Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW: FAILURE TO COMPLY WITH NOTICE AND RECORD KEEPING REQUIREMENTS
### (Brought on Behalf of Plaintiff Roselan and All New York Class Members)

76. Plaintiff and Class Members re-allege and incorporate by reference all preceding paragraphs, as if fully set forth herein.

77. NYLL § 195(4) requires, among other things, that Defendants establish and maintain, for at least six years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

78. NYLL § 661 requires Defendants to maintain, *inter alia,* true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

79. 12 N.Y.C.R.R. § 142-2.6 requires Defendants to establish, maintain and preserve, for six years, weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

80. NYLL § 195(3) requires that Defendants furnish each of its employees with a statement together with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

81. N.Y.C.R.R. § 142-2.7 requires Defendants to furnish each employee with a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

82. Defendants did not provide Plaintiff and the New York Class with the requisite notices and statements described above.

83. As a result of Defendants' failure to comply with the notice and record keeping requirements of NYLL §195(3), Plaintiff and the New York Class are entitled to recover penalties from Defendants, as provided by NYLL § 198(1)(d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Collective Action Members and the New York Class are entitled to and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the New York Class and appointing Plaintiff and her counsel to represent the Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the NYLL;

d. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA, and NYLL using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

f. An award of liquidated and/or punitive and/or treble damages as a result of Kmart's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216 and the NYLL;

g. Penalties under NYLL and 198(1)(d) for the Defendants' failure to comply with the notice and record-keeping requirements of NYLL § 195(3);

h. An award of prejudgment and post-judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff, the Collective Action Members and the New York Class demand a trial by jury on all questions of fact raised by the Complaint.


Dated: December 28, 2016    By: */s/ Douglas M. Werman*
Douglas M. Werman
WERMAN SALAS P.C.
77 West Washington Street
Suite 1402
Chicago, IL 60602
Tel.: 312-419-1008
Fax: 312-419-1025

Jeffrey A. Klafter*
Seth R. Lesser*
Fran L. Rudich*
Michael H. Reed*
KLAFTER, OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel.: (914) 934-9200
Fax: (914) 934-9220

Marc S. Hepworth*
David A. Roth*
Charlie Gershbaum*
Rebecca S. Predovan*
HEPWORTH GERSHBAUM & ROTH, PLLC
192 Lexington Avenue
Suite 802
New York, NY 10016
Tel.: (212)545-1199
Fax: (212)532-3801

Gary E. Mason*
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Ave., N.W., Suite 605
Washington, DC 20036
Tel.: (202) 429-2294
Fax: (202) 429-2294

Peter Winebrake*
R. Andrew Santillo*
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Tel.: (215) 884-2491
Fax: (215) 884-2492

18

>Nicholas A. Migliaccio*
>Jason S. Rathod*
>MIGLIACCIO & RATHOD LLP
>412 H St NE #302
>Washington, DC 20002
>Tel.: (202) 470-3520
>Fax: (202) 800-2730
>*Motion to Appear Pro Hac Vice forthcoming
>
>*Attorneys for Plaintiff, the Collective, and the Class*